## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID G. VEHEC and<br>GIGI C. VEHEC on behalf of themselves and<br>all others similarly situated,<br>    Plaintiffs | Civil Action No.:<br><br>COMPLAINT – CLASS ACTION |
| v. | |
| ASSET ACCEPTANCE, LLC,<br>BANK OF AMERICA CORPORATION,<br>BANK OF AMERICA, N.A.,<br>ENCORE CAPITAL GROUP, INC.,<br>and JOHN DOES 1-25,<br>    Defendants | JURY TRIAL DEMANDED |

## COMPLAINT

For this Class Action Complaint, Plaintiffs, DAVID G. VEHEC and GIGI C. VEHEC, by and through their undersigned counsel, pleading on their own behalf and on behalf of all others similarly situated, aver as follows:

## INTRODUCTION

1.      Defendants Asset Acceptance, LLC and Encore Capital Group, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA"), the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("CPL"), the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and Pennsylvania common law.

2.      Defendants Bank of America Corporation and Bank of America, N.A. violated the FCEUA, the CPL, the EFTA, and Pennsylvania common law.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

### Plaintiffs

5.      Plaintiff, David G. Vehec, is a natural person who resides in the Commonwealth of Pennsylvania.

6.      Plaintiff, Gigi C. Vehec, is a natural person who resides in the Commonwealth of Pennsylvania.

7.      Plaintiffs are consumers as defined in the FDCPA, FCEUA, CPL, and EFTA.

### Asset Acceptance, LLC

8.      Defendant, Asset Acceptance, LLC ("Asset"), is a debt collection business entity with offices at 28405 Van Dyke Avenue, Warren, MI 48093.

9.      Asset acts as a debt collector as defined in the FDCPA and the FCEUA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

10.     Asset is a person as defined in the CPL because it is a corporation, trust, partnership, incorporated or unincorporated association, or other legal entity.

11.     Asset is a financial institution as defined in the EFTA because it directly or indirectly holds an account belonging to a consumer.

**Bank of America Corporation and Bank of America, N.A.**

12.     Defendant, Bank of America Corporation ("BAC"), is a banking institution and business entity headquartered at 100 North Tryon Street, Charlotte, NC 28202.

13.     Defendant, Bank of America, N.A. ("BONA"), is a banking institution and business entity headquartered at 100 North Tryon Street, Charlotte, NC 28202.

14.     BAC and BONA are collectively referred herein as "BOA."

15.     BOA acts as a creditor as defined by § 2270.3 of the FCEUA because it extends credit in Pennsylvania.

16.     BOA is a person as defined in the CPL because it is a corporation, trust, partnership, incorporated or unincorporated association, or other legal entity.

17.     BOA is a financial institution as defined in the EFTA because it directly or indirectly holds an account belonging to a consumer.

**Encore Capital Group, Inc.**

18.     Encore Capital Group, Inc. ("Encore"), is a debt collection business entity with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

19.     Encore acts as a debt collector as defined in the FDCPA and the FCEUA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

20.     Encore is a person as defined in the CPL because it is a corporation, trust, partnership, incorporated or unincorporated association, or other legal entity.

21.     Encore is a financial institution as defined in the EFTA because it directly or indirectly holds an account belonging to a consumer.

**All Defendants**

22.     John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

23.     Asset, BOA, Encore and John Does 1-25 are referred to collectively herein as "Defendants."

## STATEMENT OF CLAIM

24.     Plaintiffs allegedly incurred a BOA debt that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined in the FDCPA (the "Debt").

25.     At some point prior to June 18, 2012, Plaintiffs' had provided BOA with their joint PNC Bank checking account ("PNC Account") information for paying the Debt.

26.     Although payments may have been set up by Plaintiffs to be made from their PNC Account on a recurring basis, Plaintiffs stopped making payments and revoked any authorization for BOA to access their PNC Account before the Debt was sold to Asset.

27.     On information and belief, BOA sold the Debt to Asset on June 18, 2012.

28.     Upon the transfer of the Debt to Asset, any relationship between Plaintiffs and BOA with respect to the Debt ceased.

29.     Upon the transfer of the Debt to Asset, any preexisting authorization to debit or in any way access Plaintiffs' PNC Account or any other of Plaintiffs' funds ceased and were terminated.

30.     After the Debt was sold to Asset, Plaintiffs never granted BOA or Asset permission to debit their PNC Account.

31.     Asset filed a debt collection lawsuit against David G. Vehec on April 30, 2013 in the Court of Common Pleas of Allegheny County, Pennsylvania in an attempt to collect the Debt (the "Collection Case").

32.     Mr. Vehec retained counsel in the Collection Case, entered a defense, and that litigation continued until October 15, 2013 when Asset discontinued the case without prejudice.

33.     On information and belief, Encore purchased Asset on June 13, 2013.

34.     Without Plaintiffs' permission, authorization or knowledge, and while the Collection Case was still pending, BOA began debiting $100 per month from Plaintiffs' PNC Account in August 2013 in attempts to collect on the Debt.

35.     In attempts to collect the Debt, BOA continued debiting $100 per month from Plaintiff's PNC Account for the next year, until September 2014.

36.     The proceeds of the illegal, impermissible and unauthorized debits were forwarded to Asset.

37.     BOA never mailed statements to Plaintiffs showing that the debits were made from the PNC Account.

38.     In July or August 2014, after learning of the illegal debits, Mr. Vehec called BOA to stop the payments and to inquire about how they could have started.

39.     When speaking with a BOA representative on the phone, that BOA representative told Mr. Vehec that they would check into the payments they had been deducting, that this should not have been happening, that they had no explanation from the initial review while they were on the phone why or how it was happening, and that further investigation would be required.

40.     The BOA representative further stated that they had no explanation for why BOA would not have refunded the money to Plaintiffs instead of sending Plaintiffs' money to Asset.

41.     After multiple communications spanning three months with multiple departments of BOA, Mr. Vehec was told that BOA was still not sure how they could have been taking $100 per month from Plaintiffs years after the Debt had been charged off by BOA and sold to Asset.

42.     On information and belief, BOA would have continued taking the Plaintiffs' money had it not been for Mr. Vehec insisting that BOA stop.

43.     BOA was acting for the benefit of itself and/or Asset when they illegally debited Plaintiff's PNC Account.

44.     BOA's taking of Plaintiffs' money without their knowledge, permission or authorization, for the benefit of itself and/or Asset, constituted unfair and deceptive collection practices and acts under multiple provisions of the FDCPA, FCEUA, CPL, EFTA and tortious conduct under Pennsylvania common law.

45.     Defendants failed to provide Plaintiffs with a written copy of the authorization for these electronic funds transfers, as required by and in violation of Regulation E and the EFTA. See 12 C.F.R. § 1005.10(b).

46.     BOA's failure to provide the notices required by the EFTA, prior to instituting multiple electronic fund transfers from Plaintiffs' bank account constituted a violation of the EFTA, 15 U.S.C. § 1693, and was also an unfair, false and deceptive collection practice in violation of multiple provisions of the FDCPA, FCEUA, and CPL among other laws.

47.     Asset and Encore are liable for the acts of its agents, including BOA.

48.     Plaintiffs suffered damages and ascertainable loss as the result of Defendants' illegal acts and omissions.

49.     Without limiting the foregoing, Plaintiffs suffered anxiety, fear, worry, stress, embarrassment, humiliation, intimidation, emotional and mental distress, payment on an invalid claim, conversion of personal property, and loss of privacy.

50.     Defendants' conduct was malicious, wanton, willful and oppressive, and shows reckless indifference to the interests of Plaintiffs, thereby warranting punitive damages.

## CLASS ACTION STATEMENT

51.     Plaintiffs bring this action on behalf of themselves and of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

52.     Plaintiffs propose to define the class as follows:

    a.   All Pennsylvania consumers;

    b.   Whose accounts were debited without their permission;

    c.   In order to collect alleged BOA debts;

    d.   Which had been sold to Asset and were allegedly owned by Encore or any of its related entities;

    e.   During the one year prior to the filing date of this Complaint.

53.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

54.     On information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons who had their funds impermissibly converted by BOA for the benefit of Asset/Encore.

55.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.   Whether Defendants Asset and Encore violated the FDCPA;

b.   Whether Defendants violated the FCEUA;

c.   Whether Defendants violated the CPL;

d.   Whether Defendants violated the EFTA;

e.   Whether Defendants violated the Pennsylvania common law.

f.   Whether Plaintiffs and the Class have been injured by Defendants' conduct; and

g.   Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

56.   Plaintiffs' claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

57.   Plaintiffs have no interest adverse or antagonistic to the interest of the other members of the Class.

58.   Plaintiffs will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

59.   A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this Class Action.

60.   A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also

permit the adjudication of relatively small claims by many Class members who could not

otherwise afford to seek legal redress for the wrongs complained of herein.  Most are probably

unaware that the FDCPA, FCEUA, CPL, EFTA and Pennsylvania common law, and their rights,

have been violated.  Absent a Class Action, class members will continue to suffer losses of

protected rights as well as monetary damages.

<u>COUNT I</u>
<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

61.     Plaintiffs repeat, reiterate and incorporate the allegations contained in the

foregoing paragraphs as if the same were set forth at length herein.

62.     Asset and Encore violated the FDCPA in multiple ways as described above by

themselves and through the acts and omissions of their agents, including BOA.

63.     Specifically, Asset and Encore violated the FDCPA in the following ways:

a.   By engaging in conduct that was harassing, oppressive and abusive, in

violation of 15 U.S.C. § 1692d;

b.   By using false, deceptive representations and means in connection with their

debt collection, in violation of 15 U.S.C. §1692e;

c.   By using false representations and deceptive means to collect a debt, in

violation of 15 U.S.C. § 1692e(10);

d.   By using unfair or unconscionable means to collect a debt, in violation of 15

U.S.C. § 1692f;

e.   By collecting an amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless such amount is expressly

authorized by the agreement creating the debt or permitted by law, in violation

of 15 U.S.C. § 1692f(1); and

f.  By taking nonjudicial action to take property when there was no existing right to property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

64.  As a result of Asset's and Encore's multiple violations of the FDCPA, Plaintiffs are entitled to relief.

## COUNT II
## VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

65.  Plaintiffs repeat, reiterate and incorporate the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

66.  The FCEUA, 73 P.S. 2270.4, prohibits unfair and deceptive trade practices.

67.  Defendants violated the FCEUA in multiple ways as described above by themselves and through the acts and omissions of their agents.

68.  Specifically, Defendants violated the FCEUA in the following ways:

a.  By violating the FDCPA, in violation of 73 P.S. § 2270.4(a);

b.  By engaging in conduct that was harassing, oppressive and abusive, in violation of 73 P.S. § 2270.4(b)(4);

c.  By using unfair and unconscionable means to collect a debt, in violation of 73 P.S. § 2270.4(b)(6);

d.  By collecting an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 73 P.S. § 2270.4(b)(6)(i); and

e.  By taking nonjudicial action to effect dispossession or disablement of property when there is no present right to the possession claimed as collateral through an enforceable security interest., in violation of 73 P.S. 2270.4(b)(6)(vi).

69.     Asset and Encore violated the FCEUA through actions of its agents, including BOA.

70.     As a result of Defendants' multiple violations of the FCEUA, Plaintiffs are entitled to relief.

## COUNT III
## VIOLATION OF THE
## UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

71.     Plaintiffs repeat, reiterate and incorporate the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

72.     Defendants violated the CPL, 73 P.S. § 201-3, by the acts and omissions described above.

73.     Specifically, Defendants violated the CPL by engaging in fraudulent or deceptive conduct which creates a likelihood of confusion, in violation of 73 P.S. § 201-2(xxi).

74.     Defendants violated the CPL through their violations of the FCEUA.  See, 73 P.S. § 2270.5(a).

75.     As a result of Defendants' violations of the CPL, Plaintiffs are entitled to relief.

## COUNT IV
## VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

76.     Plaintiffs repeat, reiterate and incorporate the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

77.     Defendants violated 12 C.F.R. § 1005.10(b) by failing to obtain preauthorization of transfers in writing.

78.     Defendants violated 12 C.F.R. § 1005.10(b) by failing to provide the consumer with a copy of said writing.

79.     Defendants made multiple electronic funds transfers from Plaintiffs' bank accounts between August 2013 and the filing of this Complaint, within the meaning of Regulation E and the EFTA, without having first complied with the requirements of those Federal laws. See 15 U.S.C. § 1693 and 12 C.F.R. § 1005.10.

80.     BOA's failure to provide the notices required by the EFTA, prior to causing multiple electronic funds transfers from Plaintiffs' bank accounts constitutes a violation of the EFTA.

81.     Asset and Encore violated the EFTA through the acts and omissions of its agents, including BOA.

82.     As a result of Defendants' violations of the EFTA, Plaintiffs are entitled to relief.

### COUNT V
### VIOLATION OF PENNSYLVANIA COMMON LAW: CONVERSION

83.     Plaintiffs repeat, reiterate and incorporate the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

84.     Pennsylvania common law protects consumers against the common law tort of conversion.

85.     Defendants committed the common law act of conversion by depriving Plaintiffs of their right to possess the money in their bank accounts by intentionally, negligently and/or recklessly asserting dominion over the money without Plaintiffs' consent and without lawful justification.

86.     Defendants intentionally, negligently and/or recklessly allowed themselves to persist in their tortious conduct.

87.     As a result of Defendants' tortious conduct, Plaintiffs are entitled to relief, including punitive damages.

## COUNT VI
## VIOLATION OF PENNSYLVANIA COMMON LAW: INTRUSION UPON SECLUSION

88.     Plaintiffs repeat, reiterate and incorporate the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

89.     Pennsylvania common law protects consumers' private affairs against the unreasonable intrusion of others.

90.     Defendants committed the common law act of invasion of privacy by intrusion upon seclusion by intentionally negligently and/or recklessly invading upon the private affairs or concerns of Plaintiffs, and the invasions caused mental anguish or suffering.

91.     Defendants intruded upon the seclusion of Plaintiffs' bank accounts.

92.     Said invasions were highly offensive to a reasonable person.

93.     Asset benefited from the tortious conduct of its agent BOA and failed to stop further invasions into the privacy of the Plaintiffs' affairs.

94.     As a result of Defendants' tortious conduct, Plaintiffs are entitled to relief, including punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, David G. Vehec and Gigi C. Vehec, respectfully pray that this Court certifiy a Class against Defendants and enter judgment for Plaintiffs and the Class members:

a.      Awarding damages to Plaintiffs and to the Class as provided in 15 U.S.C. § 1692k(a);

b.      Awarding damages to Plaintiffs and to the Class as provided in 15 U.S.C. 1693m(a);

c.      Awarding damages to Plaintiffs and to the Class pursuant to 73 P.S. §
2270.5;

d.      Awarding damages to Plaintiffs and to the Class pursuant to 73 P.S. § 201-
9.2;

e.      Awarding treble damages to Plaintiffs and to the Class pursuant to 73 P.S.
§ 201-9.2;

f.      Awarding damages to Plaintiffs and to the Class as the result of
Defendants' conversion of Plaintiffs' property;

g.      Awarding damages to Plaintiffs and to the Class for emotional distress
suffered as a result of Defendants' invasions of Plaintiffs' privacy;

h.      Awarding punitive damages to Plaintiffs and to the Class as the result of
Defendants' multiple violations of the law;

i.      Awarding Plaintiffs and the Class their costs and reasonable attorneys'
fees; and

j.      Granting such other relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

Dated: <u>August 7, 2015</u>          By:          <u>/s/ Mark G. Moynihan</u>
                                                    Mark G. Moynihan, Esquire
                                                    Attorney for Plaintiff
                                                    PA 307622
                                                    112 Washington Place, Suite 1N
                                                    Pittsburgh, PA 15219
                                                    Phone: (412) 889-8535
                                                    Fax: (800) 9978192
                                                    Email: mark@moynihanlaw.net