# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID G. VEHEC and GIGI C. VEHEC, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action No. 15-1035 |
| v. | District Judge Mark R. Hornak<br>Chief Magistrate Judge Maureen P. Kelly |
| ASSET ACCEPTANCE, LLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., ENCORE CAPITAL GROUP, INC., and JOHN DOES 1 – 25, | Re: ECF No. 31 |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Before the Court is the Motion to Dismiss (ECF No. 31) filed on behalf of Bank of America, N.A. and Bank of America Corporation (*collectively*, "BOA"). For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be granted, in part, and denied, in part.

**II.  REPORT**

   **A.  Factual and Procedural Background**

At some point prior to June 2012, David G. Vehec and Gigi C. Vehec ("Plaintiffs") incurred a debt with BOA. The debt was for personal, family, or household use. (ECF No. 29 ¶ 20). Plaintiffs provided BOA with their PNC Bank account information and authorized BOA to make withdrawals. (ECF No. 29 ¶ 22). This authorization was subsequently revoked, and

payments were halted by Plaintiffs. (ECF No. 29 ¶ 23). Plaintiffs' last payment was made on or about October 29, 2010. (ECF No. 29 ¶ 24).

BOA sold the debt to Asset Acceptance, LLC ("Asset"), on or about June 18, 2012. (ECF No. 29 ¶ 25). Plaintiffs never authorized Asset to make withdrawals from their PNC Bank account. (ECF No. 29 ¶ 28). Asset filed a debt collection lawsuit against David G. Vehec in the Court of Common Pleas of Allegheny County, Pennsylvania, on April 30, 2013. (ECF No. 29 ¶ 29). On or about June 13, 2013, Encore Capital Group, Inc. ("Encore") acquired the debt from Asset. (ECF No. 29 ¶ 32). On or about October 15, 2013, Asset discontinued the debt collection lawsuit, and the case was dismissed, without prejudice. (ECF No. 29 ¶ 31).

During the pendency of Asset's debt collection lawsuit, BOA began withdrawing approximately $100.00 per month from Plaintiffs' PNC Bank account beginning in August 2013. (ECF No. 29 ¶ 33). This continued until September 2014. (ECF No. 29 ¶ 34). All proceeds of the withdrawals were forwarded to Asset. (ECF No. 29 ¶ 36). These withdrawals were made without Plaintiffs' express authorization. (ECF No. 29 ¶ 35). BOA never mailed statements to Plaintiffs showing the debits nor did they notify Plaintiffs of the withdrawals. Plaintiffs did not become aware of the withdrawals until July or August 2014. (ECF No. 29 ¶¶ 38 – 40).

Upon discovering the unauthorized withdrawals, Plaintiffs contacted BOA, and BOA acknowledged that there had been an error. (ECF No. 29 ¶¶ 40 – 44). After multiple communications over several months, BOA was not able to explain the error to Plaintiffs. (ECF No. 29 ¶ 44). BOA never refunded the amount of the unauthorized debits that BOA took from Plaintiffs' PNC Bank account. (ECF No. 29 ¶ 46).

Plaintiffs filed a Complaint in this Court on August 7, 2015. (ECF No. 1). An Amended Complaint was filed on December 14, 2015. (ECF No. 29). In the Amended Complaint,

Plaintiffs alleged that BOA's erroneous, unauthorized withdrawals from Plaintiffs' PNC Bank account over the course of a year was a violation of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1963 *et seq.* ("EFTA"), as well as Pennsylvania state law.[1]  BOA filed the instant Motion to Dismiss.  (ECF No. 31).  The Motion has been fully briefed (ECF Nos. 32, 37 and 39), and is ripe for disposition.

**B.  Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of a claim, and show that the pleader is entitled to relief.  Dismissal of a complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted.  Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'"  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (*quoting* Bell Atlantic Co. v. Twombly, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 – 11 (3d Cir. 2009).  First, factual and legal elements of a claim must be distinguished.  *Id.*  Second, it must be determined whether the facts as alleged support a "plausible claim for relief."  *Id.*  In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," Phillips, 515 F. 3d at 231 (*quoting* Twombly, 550 U.S. at 555), and the court

---

[1] Count I of Plaintiffs' Amended Complaint asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").  The claim refers only to conduct attributable to Asset and Encore as violative of the FDCPA.  (ECF No. 29 at 9).  Thus, the Court need not address Count I in order to resolve the present Motion to Dismiss filed by BOA.

must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (*citing* Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F. 3d at 213 (*quoting* Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of…facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. Phillips, 515 F.3d at 234 (*quoting* Twombly, 550 U.S. at 555 – 56).

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Phillips, 515 F.3d at 231 – 32 (*quoting* Twombly, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler, 578 F.3d at 211 (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**C. Discussion**

    **1. Count II – EFTA**

At Count II of their Amended Complaint, Plaintiffs claim that Defendants violated the EFTA by failing to obtain authorization before making withdrawals from their PNC Bank account and by failing to provide proper notice of the withdrawals. (ECF No. 29 ¶¶ 68 – 74). In response, BOA asserts that the EFTA claim is barred by the relevant statute of limitations. (ECF No. 32 at 5 – 7).

4

15 U.S.C. § 1693m(g) states:

[w]ithout regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

BOA notes that Plaintiffs filed their initial Complaint in the instant case on August 7, 2015, two years after the withdrawals from their PNC Bank account began in August 2013. Plaintiffs allege that these withdrawals continued until September 2014. (ECF No. 29 ¶ 34). BOA also claims that each withdrawal did not constitute a separate violation of the EFTA; however, even if each withdrawal was a separate violation, the limitations period bars all withdrawals made prior to August 7, 2014. (ECF No. 32 at 6).[2] Plaintiffs respond only by claiming that each withdrawal constituted a discrete violation of the EFTA. (ECF No. 37 at 6).

In order to pursue this "continuing violations theory," Plaintiffs must be able to demonstrate that each withdrawal was part of a "persistent and ongoing pattern, not continuing consequences of an original violation." Menichino v. Citibank, N.A., 2013 WL 3802451, at * 11 (W.D. Pa. July 19, 2013) (citing Mandel v. M&Q Packaging Corp., 706 F.3d 157, 165 – 66 (3d Cir. 2013); Ocean Acres Ltd. P'ship v. Dare Cnty. Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983); Cowell v. Palmer Twp., 263 F.3d 286, 292 – 93 (3d Cir. 2001); Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998)). "The theory is most frequently applied in civil rights cases and employment suits involving allegations of discrimination and hostile work environment where repetition and continuity of conduct are part and parcel of the claim itself. Courts generally have been hesitant to expand it to other claims." Id. This may be particularly true where the statute of

---

[2] In their Brief in Opposition (ECF No. 37), Plaintiffs do not address the second component of Defendants' argument that even if each withdrawal was a discrete violation, withdrawals prior to August 7, 2014 are still excluded. However, the Court need not reach this issue, because it will not affect the recommended disposition of the Motion to Dismiss.

5

limitations speaks only of "'a single triggering violation, not multiple violations.'" Id. at *12 (*quoting* Snow v. First American Title Ins. Co., 332 F.3d 356, 359 (5th Cir. 2003)).

Section 1693m(g) of the EFTA speaks only of the "occurrence of the violation." The facts as plead by Plaintiffs indicate that while BOA once had authority to access Plaintiffs' PNC Bank account, that authority was revoked. Nonetheless, BOA resumed withdrawing money from Plaintiffs' account, and neither sought reauthorization nor provided notice. *These* failures were Plaintiffs' claimed violations of the EFTA.

In light of the wording of the statute of limitations and the facts as plead, viewed in the light most favorable to Plaintiffs, it is clear that the withdrawals were consequences of two violations: the failure to obtain authorization and the failure to provide notice. However, all of the withdrawals except for those made after August 7, 2014, appear to be barred by the one year statute of limitations. Accordingly, it is recommended that BOA's Motion to Dismiss Count II of the Amended Complaint be granted in part (as to withdrawals prior to August 7, 2014) and denied in part (as to withdrawals on or after August 7, 2014). It is recommended that the partial dismissal be without prejudice. Plaintiffs did not respond to Defendants' arguments regarding whether the statute of limitations may have been tolled. Plaintiffs also did not plead facts which might indicate whether there was a cognizable justification for their failure to note the withdrawals for approximately one year. An opportunity to further amend the complaint may allow Plaintiffs to toll the statute of limitations if so warranted.

### 2. Count III – Pennsylvania Common Law Conversion

At Count III of their Amended Complaint, Plaintiffs argue that by withdrawing money from their PNC Bank account without authorization, Defendants were intentionally, negligently, and/ or recklessly depriving Plaintiffs of their property – conversion under Pennsylvania state

law. (ECF No. 29 ¶¶ 75 – 79). BOA argues that Plaintiffs' claim must fail because (1) deposited money cannot be the subject of a conversion claim, (2) the gist of the action doctrine bars the claim, and (3) Plaintiffs' pleadings are insufficient to substantiate a claim for punitive damages. (ECF No. 32 at 7 – 9).

Conversion, as defined by Pennsylvania law, requires proof of (1) the deprivation of another's right of property in, or use or possession of, a chattel, (2) without the owner's consent and, (3) without lawful justification. Wen v. Willis, 117 F. Supp. 3d 673, 684 (E.D. Pa. 2015) (*citing* Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 529 (E.D. Pa. 2012)). A claimant must have a property interest in money at the time of conversion in order for money to be the subject of a claim for conversion. Id. An action for conversion will not lie where the converting party either "(1) borrowed money, (2) collected money to satisfy a debt, (3) refused to return proceeds already paid under an insurance contract, or (4) refused to pay the proceeds of an insurance policy." Leonard A. Feinberg, Inc. v. Central Asia Capital Corp., Ltd., 974 F. Supp. 822, 845 (E.D. Pa. 1997). Under these circumstances, conversion claims fail because the true remedy for the harm lay in contract and not tort. *Id.*

None of the above circumstances are found, here. BOA sold its rights to the debt well before it began unauthorized withdrawals from Plaintiffs' PNC Bank account. BOA has not asserted that a contractual relationship continued to exist as between BOA and Plaintiffs at that point in time, or that any debt was still owed to BOA. Moreover, the Pennsylvania Superior Court appears to have implicitly recognized that conversion might be demonstrated when a bank has access to an account and subsequently denies the holder of the account his or her right of access and use of funds. McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. Ct. 2000). Consequently, the Court finds that, viewed in the light most favorable to Plaintiffs,

the facts plead show that BOA withdrew Plaintiffs' money from their PNC Bank account without their authorization, and applied the proceeds to a debt that Plaintiffs owed to another. This is adequate to illustrate conversion.

With respect to BOA's argument regarding the applicability of the gist of the action doctrine to the conversion claim, the Court notes that BOA has not established that after selling Plaintiffs' debt to Asset, the contractual relationship between BOA and Plaintiffs continued. BOA's conduct appears to have taken place entirely outside the limits of the contract. Gist of the action is, therefore, inapplicable.

With respect to Plaintiffs' request for punitive damages, the Court notes that "'[a] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk.'" Lucchesi v. Johnson, 2015 WL 9308334, at *3 (E.D. Pa. Dec. 22, 2015) (*quoting* Hutchinson ex rel Hutchinson v. Luddy, 870 A.2d 766, 772 (Pa. 2005)). Defendants must have engaged in "outrageous" or "intentional, reckless or malicious" conduct. Boring v. Google Inc., 362 F. App'x 273, 283 (3d Cir. 2010) (*citing* Feld v. Merriam, 485 A.2d 742, 747 – 48 (Pa. 1984)).

The present facts – viewed in the light most favorable to Plaintiffs as the nonmoving party – demonstrate that BOA, without notice to Plaintiffs, began spontaneously withdrawing sums of money from Plaintiffs' account at another bank on a monthly basis after having its authorization to do so revoked, was forwarding this money to a third party, was allegedly ignorant of the entire scenario after the passage of an entire year, and was unable to explain how it occurred. At this early stage, this unauthorized conduct by BOA may rise to the level of

8

recklessness or outrageousness. As such, the Court finds that these allegations are adequately plead to survive the Motion to Dismiss.

### D. Conclusion

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss be GRANTED, in part, and DENIED, in part, with respect to Count II of Plaintiffs' Amended Complaint, and DENIED with respect to Count III.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Rule 72.D.2.

Respectfully submitted,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2016

cc/ecf: The Honorable Mark R. Hornak
United States District Judge

All counsel of record